ROBERT W. ANDREWS and CORINNE E. ANDREWS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Andrews v. Commissioner
Docket No. 29662-85
United States Tax Court
T.C. Memo 1991-540; 1991 Tax Ct. Memo LEXIS 590; 62 T.C.M. (CCH) 1113; T.C.M. (RIA) 91540; October 29, 1991, Filed *590 Decision will be entered under Rule 155. Robert W. Andrews, pro se.; Kenneth D. Sisco, for petitioner Corinne E. Andrews. James W. Ruger, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181 and 183. (Unless otherwise indicated, all section references are to the Internal Revenue Code for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.) The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions To Tax Under Sections
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
1980
$ 26,548
$ 1,327.40
--
--
1981
$ 46,153
--
$ 2,307.65
*
*591 For 1980 and 1981, respondent also determined that petitioners are liable for increased interest under section 6621(c) (formerly 6621(d)). After concessions, the only issue the Court must decide is whether petitioner Corinne E. Andrews qualifies as an innocent spouse under section 6013(e) for 1980 and 1981. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner Corinne E. Andrews (petitioner) and Robert W. Andrews filed their 1980 and 1981 joint Federal income tax returns with the Internal Revenue Service Center, Fresno, California. Petitioner and Mr. Andrews resided in Hidden Hills, California, when their petition was filed. After the petition was filed, petitioner and Mr. Andrews were divorced. Petitioner married Robert W. Andrews in 1949, and they remained married until their divorce in 1989. Petitioner was married at the age of 18 and never finished high school. Throughout their marriage, Mr. Andrews paid all the family bills and provided petitioner with spending money and credit cards. Petitioner did not live a lavish lifestyle. In the early 1960s, petitioner and her husband purchased their home in Hidden Hills, California, for $ 117,000. *592 Their home and swimming pool were located on two acres of land, and this land was valuable. Pursuant to their divorce, their home was sold for $ 850,000, and petitioner received, after expenses, net proceeds of $ 319,000. Petitioners' 1980 and 1981 income tax returns reflect the following investments: Golden Future Arabians, G&A Properties, Van Owen Venture, Pendleton Properties, G&K Ballico Ranch, Tucar Associates, Satsuma Building, Thumb Butte Investment No. 2, San Jose Sandman Associates, and Condor Production Company. Most of these ventures were real estate partnerships. Moreover, petitioners' 1980 and 1981 returns also reflect rental income from the following properties: Roach Investments, Gros Investments, and Russell Properties No. 8. The deficiencies in this case arose out of petitioners' investment in G&A Properties for both years and a separately reported Schedule C loss for Electric Auto Corp. in 1981 (collectively, the "Electric Auto" tax shelter deductions). As a result of petitioner's divorce from Mr. Andrews, she received one-half of their total ownership interest in the previously enumerated partnerships and rental properties. Among other interests, petitioner *593 had an interest in a motel. After her divorce it was sold and she received $ 504,400 as her share of the installment proceeds. OPINION Section 6013(d)(3) provides that, in the case of a joint return, the liability of a husband and wife shall be joint and several. However, under section 6013(e), [1] an "innocent spouse" is relieved of liability if he or she can satisfy certain statutory requirements. Specifically, section 6013(e) provides in pertinent part: (e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES. -- (1) IN GENERAL. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
then the other spouse shall be relieved *594 of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. * * * (4) UNDERSTATEMENT MUST EXCEED SPECIFIED PERCENTAGE OF SPOUSE'S INCOME. -- (A) ADJUSTED GROSS INCOME OF $ 20,000 OR LESS. -- If the spouse's adjusted gross income for the preadjustment year is $ 20,000 or less, this subsection shall apply only if the liability described in paragraph (1) is greater than 10 percent of such adjusted gross income. (B) ADJUSTED GROSS INCOME OF MORE THAN $ 20,000. -- If the spouse's adjusted gross income for the preadjustment year is more than $ 20,000, subparagraph (A) shall *595 be applied by substituting "25 percent" for "10 percent". (C) PREADJUSTMENT YEAR. -- For purposes of this paragraph, the term "preadjustment year" means the most recent taxable year of the spouse ending before the date the deficiency notice is mailed.
Petitioner bears the burden of establishing that each of the requirements of section 6013(e) has been satisfied. . The requirements of section 6013(e) are conjunctive. Therefore, a failure to meet any of the requirements will prevent a spouse from qualifying for relief. . Respondent conceded that petitioner and Mr. Andrews filed joint returns for 1980 and 1981; that each return contained a substantial understatement of tax; that such understatements were attributable to deductions for which there was no basis in law or fact; and that petitioner did not know, and had no reason to know, of such substantial understatements when she signed the 1980 and 1981 joint returns. As a result, we do not have to find many facts requested by petitioner in her request for findings of fact. Petitioner *596 must prove each of the remaining requirements of section 6013(e) in order to be afforded innocent spouse protection. . Section 6013(e)(4) requires that the understatement exceed a certain percentage of petitioner's preadjustment year adjusted gross income. Respondent conceded that petitioner met the section 6013(e)(4) test with respect to 1981, but not with respect to 1980. There is no dispute about the fact that this is correct if each year is viewed independently. Petitioner argued that the 1980 and 1981 understatements should be added together to determine whether the section 6013(e)(4) test has been satisfied. We do not agree. The flaw in petitioner's argument is that section 6013(e)(1) and each of its subparagraphs refer to a single taxable year. The understatement requirement set forth in section 6013(e)(4) refers back to section 6013(e)(1). Accordingly, the innocent spouse determination under section 6013(e)(4) is done on a year-by-year basis regardless of the number of years covered by the notice of deficiency. Cf. . Because petitioner *597 did not meet the section 6013(e)(4) requirement for 1980, she is not an "innocent spouse" for that year. Assuming, arguendo, that petitioner had satisfied section 6013(e)(4) for 1980, she still must be denied innocent spouse status for 1980 and 1981 for failing to meet another requirement of section 6013(e). Section 6013(e)(1)(D) provides that it must be inequitable to hold petitioner liable in light of all the facts and circumstances. Petitioner and Mr. Andrews were married for almost 40 years during which time considerable assets were accumulated. As a result of petitioner's divorce from Mr. Andrews in 1989, she received one-half of all the community property. This included one-half of Mr. Andrews' interest in various partnerships, one-half of his interest in several rental properties, and one-half of the net proceeds from the sale of their marital residence. During the trial, we were left with the strong impression that petitioner knew more about the marital assets than she was willing to admit. We are not required to accept the self-serving testimony of petitioner as gospel. . Petitioner testified that *598 she had no idea what her share of the assets received in the marital property settlement was worth and did not know the dollar value of the individual assets. This is simply not believable, particularly since petitioner also testified that she traded some of the assets for other assets with her ex-husband and his business partner. While they were married, petitioner and Mr. Andrews received a reduced tax liability by filing joint returns for 1980 and 1981, as well as other years. This reduction in reported tax liability, coupled with the claims of the erroneous tax shelter understatements of tax, made more money available for the equal division of property between petitioner and Mr. Andrews. Since many of the investments were in real property, these reductions in tax liability would allow petitioner and Mr. Andrews to reduce any outstanding mortgages on these properties. Nor is there any credible evidence that Mr. Andrews absconded with any money or property before the division of the community property by the divorce court. ; . Pursuant to the divorce, *599 petitioner's marital home was sold, and her share of the net proceeds was $ 319,000. Also following the divorce, petitioner's interest in a motel was sold wherein she received total payments amounting to $ 504,400 over no more than 4 years. Petitioner retains an ownership interest in numerous other properties which generate gross rental income of approximately $ 60,000 per year. Petitioner did not place into evidence the marital settlement documents which would show the value of these properties. In fact, petitioner offered not a shred of evidence to establish the value of these properties. Petitioner was unwilling to estimate the total value of all the rental properties and partnership interests received as part of her property settlement. We find that such amounts were substantial. As previously noted, as a result of her divorce from Mr. Andrews, petitioner received one-half of their total community property. To allow petitioner on this record to receive this property from her former spouse, and at the same time escape joint and several liability, would not be equitable. In light of all the facts and circumstances in *600 this case, we do not deem it inequitable to hold petitioner liable for the 1980 and 1981 deficiencies. Because petitioner has not sustained her burden of proof, we hold that petitioner's claim for relief under section 6013(e) is denied. Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the underpayment due to negligence of $ 46,153.↩
1. Although the years before us are 1980 and 1981, we apply the statute as amended in 1984. This is because sec. 424(a) of the Tax Reform Act of 1984 (division A of the Deficit Reduction Act of 1984), Pub. L. 98-369, 98 Stat. 494, 801-802, amended sec. 6013(e) retroactively to all open years to which the Internal Revenue Code applies.↩